UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

IN THE MATTER OF THE SEARCH OF:
USPS Mail Package identified
by tracking # 9506 1156 0656 9199 3191 15
addressed to:
ART LEW
222 NUNDA BLVD
ROCHESTER, NY 14610

1:19-mj-116

### AFFIDAVIT

I, Jedidiah Hutchison, being duly sworn, hereby depose and say:

1. I am a Postal Inspector with the United States Postal Inspection Service. I have been employed in this capacity since 2010. I am currently assigned to the United States Postal Inspection Service Office in Chattanooga, Tennessee. I am responsible for investigating crimes involving the United States Postal Service ("USPS"), its employees, and its customers. These crimes include but are not limited to employee assaults, mail fraud, mail theft, identity theft, and prohibited mailings including child pornography and illegal narcotics.

2. I am a Law Enforcement Officer under the authority of Title 18, United States Code, Section 3061. As such, I am authorized to make arrests with or without warrants for offenses made in my presence or when I have reasonable grounds to believe the person has committed or is committing a felony against the United States. I am also authorized under this statute to carry firearms and make seizures of property as provided by law.

3. From my training and experience, I know that the United States Postal Service is frequently used to transport illegal narcotics to areas throughout the United States. I am also aware that the United States Postal Service is used to send the proceeds relating to narcotics distribution back to the narcotics source of supply. I also know that the reason drug traffickers

use the United States Mail to ship controlled substances and their proceeds is because of the speed and protection afforded the United States Mail.

4. Title 21, United States Code, Section 841 makes it an offense for any person to manufacture, distribute, or possess with intent to manufacture or distribute, a controlled substance. Title 21, United States Code, Section 843(b) makes it an offense for any person knowingly or intentionally to use any communication facility in committing or in causing to facilitate the commission of any act or acts constituting a felony under any provisions of Subchapter I or Subchapter II of the Drug Abuse Prevention and Control Act. Title 21, United States Code, Section 846 makes it an offense to conspire to commit an offense set out in Title 21. Under Title 18 United States Code, Section 1342 makes it illegal to receive mail matter or packages (parcels) addressed to fictitious names while carrying on unlawful business.

5. To combat the distribution of illegal narcotics and their proceeds, certain investigative techniques are utilized by Postal Inspectors. What follows is not meant to set forth all exhaustive investigative knowledge of this case or investigative techniques used, but only those facts necessary in order to establish probable cause.

## RELEVANT FACTS

6. On Friday July 19, 2019 Postal Inspection Service (USPIS) removed a US Mail package from the East Ridge, TN Post Office addressed as follows:

FROM:

J SCHEIVELHUD
5336 MATTHEWS DR
CHATTANOOGA, TN 37412

TO:

ART LEW
222 NUNDA BLVD
ROCHESTER, NY 14610

7. The reasons I believe the above package contains proceeds from illegal narcotics trafficking include, but are not limited to the following factors:

8. In June 2018, Customs and Border Protection seized two international mail parcels containing a large quantity of alprazolam pills bearing the tracking numbers CX620800182CA and LM089978594CA addressed to Edward Gatrell at 5336 Matthews Drive in East Ridge, Tennessee. East Ridge, Tennessee, is a smaller city immediately adjacent to Chattanooga, Tennessee; I know from my training and experience that packages are often addressed to recipients in "Chattanooga, Tennessee," when in fact the recipient address is actually in East Ridge, Tennessee.

9. A search of the parcel referenced in paragraph 8 revealed a large number of pills (approximately 330 gross grams) of suspected alprazolam. The pills were physically consistent with and bore marking consistent with alprazolam.

10. During the first few months of 2019, two parcels addressed to "5336 Matthews Drive" were presented for K-9 Unit examination. I was informed that a K-9 did not alert on these two packages. However, I know from my training and experience that K-9 units are not generally trained to detect certain classes of drugs, including certain pharmaceuticals and fentanyl.

11. On July 17, 2019, a package was delivered to "JASON SCHEIVELHUD" at "5336 MATTHEWS DR, CHATTANOOGA, TN 37412." This parcel was coming from "bargain me, 802 east 92 st, BROOKLYN, NY 11236." The manner of address (e.g., random capitalization) appeared unusual to me. I and other law enforcement personnel researched the return address, and although the address appears on at least one commercial database (i.e.,

Google Maps, for which it appears as an unmarked warehouse), other databases, including law enforcement and Postal databases do not recognize this address. As of July 23, 2019, Postal authorities in Brooklyn, New York, confirmed that the address is indeed fictitious. Further, using both public and law enforcement databases, I was unable to locate any person or entity known as "bargain me" affiliated with this address. It is common place for narcotics traffickers to use fictitious return addresses in an effort to conceal the actual sender from Postal Inspectors. This package was not presented for external examination by a trained K-9 Drug Detector Dog Unit.

12. On July 18, 2019, I was contacted by the East Ridge Post Office alerting me to the fact that a parcel had been sent bearing the return address of "5336 MATTHEWS DRIVE" (the "Target Parcel") one day after I was inquiring about that address to postal employees in reference to the above-mentioned package. It is common practice for narcotics traffickers to receive a shipment of illegal narcotics and immediately resend payment (whether cash or other means) for the narcotics back to the Source of Supply ("SOS"). I am aware that such payment – if not narcotics itself – may have been in close proximity to and bear the odor of narcotics.

13. On July 19, 2019, at approximately 5:10 PM, I removed the above mentioned parcel from the East Ridge Post Office and secured it until a K-9 Unit was available.

14. On July 22, 2019, I met with K-9 Drug Detector Dog Unit Officer Voss and his K-9 "Nero." K-9 Nero conducted exterior examinations of the Target Parcel along with three other packages of similar size and weight. I was present when the four packages were presented to K-9 Nero by his handler, Officer Voss. Officer Voss advised that K-9 Nero demonstrated a positive alert and indication on the Target Parcel.

15. I have been advised of the qualifications of the K-9 handler and his narcotics detector canine. K-9 Nero is trained to detect the odor of illegal narcotics including but not

limited to marijuana, cocaine, heroin, ecstasy, methamphetamine and derivatives. K-9 Nero and Officer Voss are certified under a modified PSP certification mirroring the United States Border Patrol Standard and employed by the Hamilton County Sheriff's Office. For approximately two years, K-9 Nero and Officer Voss have completed in excess of 16 hours of training each month, including K-9 drug detection techniques, handling and handler-dog communication and maintain at least a 97% accuracy rate.

16. Based on the facts set forth in this affidavit, I believe there is probable cause to believe that the Target Parcel contains controlled substances, currency, or other evidence that relates to trafficking of controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) (distribution and possession with intent to distribute a controlled substance) and 843(b) (unlawful use of a communication facility, including the U.S. Mails, to facilitate the distribution of a controlled substance).

17. The Target Parcel has been maintained unopened in my custody pending application for a search warrant.

FURTHER AFFIANT SAYETH NOT.

_____
Jedidiah Hutchison
Postal Inspector
United States Postal Inspection Service

Subscribed and sworn to before me this 23 day of July, 2019

_____
Hon. Susan K. Lee,
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

IN THE MATTER OF THE SEARCH OF:
USPS Mail Package identified
by tracking # 9506 1156 0656 9199 3191 15
addressed to:
ART LEW
222 NUNDA BLVD
ROCHESTER, NY 14610

## ATTACHMENT A

### DESCRIPTION OF THE PROPERTY TO BE SEARCHED

One USPS Mail Parcel identified by tracking # 9506 1156 0656 9199 3191 15

Addressed to:

ART LEW
222 NUNDA BLVD
ROCHESTER, NY 14610

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

IN THE MATTER OF THE SEARCH OF:
USPS Mail Package identified
by tracking # 9506 1156 0656 9199 3191 15
addressed to:
ART LEW
222 NUNDA BLVD
ROCHESTER, NY 14610

## ATTACHMENT B

LIST OF ITEMS AUTHORIZED TO BE SEARCHED FOR AND SEIZED PURSUANT TO SEARCH WARRANT

One US Mail Parcel described above if it contains any of the following items which show the transportation, ordering, purchase, distribution, possession, sale, or manufacture of controlled substances; including:

1. Books, photographs, records, receipts, notes, ledgers and other papers which show the transportation, ordering, purchase, distribution, possession, sale or manufacture of controlled substances;

2. Address and/or telephone books and papers reflecting names, addresses, and/or telephone numbers, written or typed by hand as opposed to printed commercially;

3. Letters, records, computerized and electronic records, receipts, bank statements and records, money drafts, letters of credit, wire transfers, safe deposit box keys, money order and cashier's check receipts, passbooks, bank checks, and other items that reflect the expenditure, obtaining, secreting, transfer or concealment of drug proceeds;

4. United States currency, precious metals, jewelry, and financial instruments, including, but not limited to, stocks and bonds, notes and other documents showing an accumulation

of assets, wealth, or money to the extent that these items are found in such quantity, substance and/or quality as to permit a reasonable inference that such items are proceeds of drug trafficking;

5. Controlled substances, material and paraphernalia for manufacturing, packaging, cutting, weighing, and distributing controlled substances, but not limited to scales, baggies, and packing material;

6. Indicia of occupancy, residency, and/or ownership of the premises described above and other real property, including but not limited to deeds, utility and telephone bills, canceled envelopes, and keys;

7. Papers, tickets, notes schedules, receipts and other documents relating to travel to and from drug source areas and drug distribution areas;

8. Any and all other material evidence of violations of 21 U.S.C. §§ 841, 843, and 846, which include attempt and possession with intent to distribute and distribution of controlled substances and importation of a controlled substance from a foreign country.